## FERGUSON ET AL VS. TROOP.

A demurrer is frivolous when the court can say upon a bare inspection of the pleadings without argument, that it is manifestly bad.

APPEAL from the Circuit Court for *Sauk* County.

Action to enforce a mechanic's lien.    The complaint alleges that the plaintiffs are carpenters and joiners and that as such they built and erected for the defendant a dwelling house at his request; that said house so erected by the plaintiffs is

the defendant's, and was built and is now situate upon the following described lands, to wit : all that part of fraction number three, in section number thirty-four, in township number twelve, north of range number seven, east, in the county of Sauk and State of Wisconsin, which lies north of a line running east and west along said fraction, at a point eighty rods south from the north end of said fraction, containing forty acres ; that said house is a wooden balloon frame, 16 feet wide and 26 long, with 13 feet 6 inches posts, the lower story is nine feet in the clear, with three rooms below and three above; the materials for which were furnished by the defendant, the plaintiffs did the work and were original contractors ; that the plaintiffs commenced work on the first day of October, 1861, and finished working on the same, on the 22d day of October, 1861 ; the defendant promised the plaintiffs to pay them sixty-eight dollars and three cents for their work and labor performed on said house with ten per cent interest from the time it was finished, and on the 24th day of February, 1862, in consideration thereof made and delivered to the plaintiffs his promissory note in writing bearing date on that day, and therein and thereby promised to the plaintiffs under and by the name, firm and style of *Stilwell & Ferguson*, to pay them said sum of sixty-eight dollars and three cents, on the first day of April, 1862, with interest thereon at the rate of ten per cent. per annum from the 22d day of October, 1861,which is now due, that said *Troop* has paid the plaintiffs the sum of two dollars and fifty cents, which is endorsed on said note, and which is all that he has paid on the same, or for said work and labor, and there is now due to the plaintiffs upon said note for said work and labor in and about the erection of said house, the sum of sixty-five dollars and three cents, with interest thereon at the rate of ten per cent. per annum, from the 22d day of October, 1861 ; that on the fifth day of April, 1862, the plaintiffs filed in the office of the circuit court of the county of Sauk and the State of Wisconsin, a pe-

tition to said court for a lien upon said house, and upon the right title and interest of the defendant in and to the lands aforesaid upon which it is situate, which petition contained a brief statement of the contract under which said house was erected, and of said note and the amount due the plaintiffs for such work in pursuance of said contract, with a description of said house and of the lands aforesaid upon which it is situate, and a statement of the facts hereinbefore stated in this complaint, and all other material facts in relation thereto. The plaintiffs therefore demand, &c.

The defendant demurred thereto on the ground that it did not state facts sufficient to constitute a cause of action; and the plaintiffs moved on the pleadings, for judgment on account of the frivolousness of the demurrer, which motion was granted and judgment entered accordingly, and the defendant appealed.

*Wm. Brown*, for appellant.

*C. C. Remington*, for respondents.

*By the Court*, COLE, J. Notwithstanding the great number of cases cited upon the brief of the counsel for the appellant, we still think the demurrer was frivolous, and was properly so treated by the circuit court. The authorities relied on undoubtedly contain good law; but the difficulty is they are not applicable, for the reason that the complaint is not obnoxious to the objections taken to it. The objection to the complaint is, that it does not state facts sufficient to constitute a cause of action. This would certainly be a fatal defect if it were true; but it is not sustained by the allegations of the complaint, as the slightest examination will show. We do not deem it necessary to recite these allegations. It is sufficient to say that the action is brought to enforce a mechanic's lien, and that the complaint contains the usual facts in such a case. We think the demurrer is frivolous, if it is possible for one to be so. It appears to come fully within the rule frequently laid down by

this court, to determine whether a pleading is frivolous; that a court can say upon a bare inspection of it, without argument, that it is manifestly bad.

The judgment appears to be likewise in strict conformity to the statute, and binds the right, title, and interest of the appellant.

The judgment of the circuit court is affirmed.